IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RICKY GLENDALL DAVIS, )
)
    Petitioner, )
)
v. ) Civil Action No. 3:12CV531–HEH
)
ATTORNEY GENERAL OF THE )
STATE OF VIRGINIA, *et al.*, )
)
    Respondents. )

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2254 Petition)

Ricky Glendall Davis, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition" (ECF No. 1)) challenging his convictions in the Circuit Court of the City of Suffolk, Virginia ("Circuit Court"). Respondents moved to dismiss on the ground, *inter alia*, that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Davis responded. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

#### A. Original Conviction and Appeal

The Circuit Court convicted Davis of possession of explosive material by a convicted felon and threatening to bomb or burn. Davis appealed. On July 15, 2010, the Supreme Court of Virginia refused Davis's petition for appeal. *Davis v. Commonwealth*, No. 100393, at 1 (Va. July 15, 2010). On January 10, 2011, the Supreme Court of the United States denied Davis's petition for a writ of certiorari. *Davis v. Virginia*, 131 S. Ct. 913 (2011).

B.  State Habeas

On July 11, 2011, Davis filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. Petition for Writ of Habeas Corpus at 1, *Davis v. Commonwealth*, No. 111267 (Va. filed July 11, 2011). On January 3, 2012, the Supreme Court of Virginia dismissed Davis's petition for a writ of habeas corpus. *Davis v. Commonwealth*, No. 111267, at 4 (Va. Jan. 3, 2012).

C.  § 2254 Petition

On July 20, 2012, Davis filed his § 2254 Petition with this Court. (§ 2254 Pet. 1.)[1] In the § 2254 Petition, Davis makes the following claims for relief:

| | |
|---|---|
| Claim One | The seizure of ammunition from the trunk of Davis's vehicle violated the Fourth Amendment.[2] (§ 2254 Pet. 5–6.) |
| Claim Two | Davis's conviction for possession of an explosive device by a convicted felon violated the Ex Post Facto Clause of the Constitution.[3] (*Id.* at 7.) |
| Claim Three | The Virginia courts erred in finding the evidence sufficient to support Davis's conviction for possession of an explosive device by a convicted felon. (*Id.* at 7–8.) |
| Claim Four | Davis failed to receive the effective assistance of counsel at trial and on appeal. (*Id.* at 8–9.) |

---

[1] Davis was not incarcerated at the time he filed the § 2254 Petition. Therefore, the prison mailbox rule does not apply. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.

[3] "No . . . ex post facto Law shall be passed." U.S. Const. art. I, § 9, cl. 3.

2

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year limitations period for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A. Commencement of the Statute of Limitations

Davis's judgment became final for the purposes of the AEDPA on January 10, 2011, when the Supreme Court of the United States denied his petition for a writ of certiorari. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))). The statute of limitation began to run the next day, January 11, 2011. *See* Fed. R. Civ. P. 6(a)(1)(A).

### B. The Running of the Statute of Limitations

The statute of limitations ran for one-hundred and eighty-one (181) days from January 11, 2011 until July 11, 2011, when Davis filed his petition for a writ of habeas corpus with the Supreme Court of Virginia. *See* 28 U.S.C. § 2244(d)(2). Upon the dismissal of that petition on January 3, 2012, the statute of limitations commenced running again. The statute of limitations ran for an additional one hundred and ninety-eight (198) days until Davis filed his § 2254 Petition on July 20, 2012. Because the statute of limitations ran for three hundred and seventy-nine (379) days, the statute of limitations bars Davis's § 2254 Petition unless Davis demonstrates entitlement to either a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or equitable tolling. Neither Davis nor the record suggests any circumstances that would warrant a belated commencement of limitation period.

Davis, however, suggests that the Court should excuse his late filing because he is actually innocent of the crime of possession of an explosive device by a convicted felon. (Br. Opp'n Mot. Dismiss 4.) Specifically, Davis argues entitlement to "relief because the ammunition found in his trunk . . . was not within the ambit of Virginia Code section18.2–308.2(D) 'explosive materials.'" (*Id.* at 5.)[4] Such argument lacks legal merit because, as Davis candidly acknowledges, "[o]n direct appeal the Court of Appeals of Virginia rejected this claim." (*Id.*); *see Davis v. Commonwealth*, No. 3073–08–1, 2010 WL 271301, at *1 (Va. Ct. App. Jan. 26, 2010) ("The cartridges found in the defendant's car contained smokeless gunpowder, which was clearly included in subsection (D) [of section18.2–308.2 of the Virginia Code]."). Because Davis fails to advance any plausible basis for excusing his failure to comply the statute of limitations, the Motion to Dismiss (ECF No. 9) will be granted. The petition for a writ of habeas corpus will be denied. The action will be dismissed.

---

[4] The statute provided, in pertinent part:

> A. It shall be unlawful for (i) any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm . . . or any explosive material . . . .
> . . . .
> D. For the purpose of this section, "explosive material" means any chemical compound mixture, or device, the primary or common purpose of which is to function by explosion; the term includes, but is not limited to, dynamite and other high explosives, black powder, pellet powder, smokeless gun powder, detonators, blasting caps and detonating cord but shall not include fireworks or permissible fireworks as defined in § 27–95.

Va. Code Ann. § 18.2–308.2(D) (West 2007).

5

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Davis is entitled to further consideration in this matter. The Court will deny a certificate of appealability.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: July 25, 2013
Richmond, Virginia

6